902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clifford E. FOSTER and Erlinda Foster, his wife, Plaintiffs-Appellants,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant-Appellee.
 No. 89-5910.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1990.
 
 On Appeal from the United States District Court for the Eastern District of Kentucky, 87-00198, Reed, D.J.
 E.D.Ky.
 AFFIRMED.
 Before RALPH B. GUY, Jr., and BOGGS, Circuit Judges; and PAUL V. GADOLA, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs, Clifford and Erlinda Foster, appeal from a summary judgment granted to defendant, International Business Machines Corporation (IBM). Plaintiffs brought a diversity negligence action against IBM as a result of injuries Clifford Foster sustained at IBM's manufacturing facility located in Lexington, Kentucky. At the time of his injury, Clifford Foster was an employee of Greyhound Food Management, Inc. Greyhound Food had a contract with IBM to operate an employee cafeteria on IBM's premises. Greyhound Food paid workers' compensation to Foster as a result of the injury, but plaintiffs maintain they have a right to bring a third-party tort action against IBM. IBM contends, and the district court agreed, that plaintiffs' action is barred by the exclusive remedy provisions of the Kentucky workers' compensation law.[1] Central to IBM's argument is the assertion that it is a "contractor" within the definition provided by Ky.Rev.Stat. Sec. 342.610(2):
 
 
 2
 (2) A contractor who subcontracts all or any part of a contract and his carrier shall be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured the payment of compensation as provided for in this chapter. Any contractor or his carrier who shall become liable for such compensation may recover the amount of such compensation paid and necessary expenses from the subcontractor primarily liable therefor. A person who contracts with another ... to have worked performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation or profession of such person, shall for the purposes of this section be deemed a contractor, and such other person a subcontractor.
 
 
 3
 The trial judge, based on an undisputed affidavit filed by IBM, determined that IBM met the statutory definition of a contractor. We agree.
 
 
 4
 Since Judge Reed issued a written opinion in which he addressed all of the issues raised by the plaintiffs, and since we agree with Judge Reed's resolution of those issues, we affirm on the basis of the trial court opinion.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Honorable Paul V. Gadola, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Ky.Rev.Stat. Sec. 342.690(1) provides in pertinent part:
 
 
 [1]
 If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. For purposes of this section, the term "employer" shall include a "contractor" covered by subsection (2) of KRS 342.610, whether or not the subcontractor has in fact, secured the payment of compensation